UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JOHN CALLEN, JR., )
 )
        Petitioner, )
 )
vs. ) No. 2:17-cv-00037-WTL-MJD
 )
WARDEN, )
 )
        Respondent. )

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Having considered the petition for writ of habeas corpus of John Callen, Jr., and the return to order to show cause, and being duly advised, the Court finds that Callen's habeas petition must be **denied.** This conclusion rests on the following facts and circumstances:

1. On September 3, 2003, Callen and others were charged by Indictment in the Southern District of Texas with drug trafficking activities. Callen was charged with conspiracy to possess with intent five (5) kilograms or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(ii) (Count One), possession with intent to distribute five (5) kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii) and 18 U.S.C. § 2 (Count Two), and laundering of monetary instruments in violation of 18 U.S.C. §§ 2 and 1956(a)(1) (A)(I) (Count Three). On February 7, 2012, Callen pleaded guilty to the Indictment (Counts One–Three) without a written plea agreement. His plea was accepted and he is now confined in this District serving the sentence imposed at that time. His motion for relief pursuant to 28 U.S.C. § 2255 was recently denied in *United States v. Callen,* 2017 WL 405926 (S.D.Tex. Jan. 31, 2017), and that decision is presently being on appeal.

2. Callen seeks habeas corpus relief pursuant to 28 U.S.C. § 2241(c)(3). "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges,* 423 U.S. 19, 21 (1975).

3. Callen's habeas claims lack merit for the following reasons:

- Federal clemency lies within the exclusive discretion of the President. Presidential exercise of the pardon authority is not subject to review pursuant to the Administrative Procedures Act. *Franklin v. Mass.,* 505 U.S. 788, 800-01 (1992).

- Callen has no recognized right under the Deferred Action for Parents of Americans, which was never put into effect and which in any event was rescinded by the Secretary of the Department of Homeland Security on June 15, 2017.

- The trial court's denial of Callen's motion for relief pursuant to 28 U.S.C. § 2255 in No. 4:14-cv-207 on January 31, 2017 precludes a further collateral attack on the same grounds. *Valona v. United States*, 138 F.3d 693, 694–65 (7th Cir. 1998) (concluding that § 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence); *Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997) (barring as a second § 2241 petition a repetitive challenge to application of time credits in the administrative calculation of a federal sentence); *Edwards v. Perdue*, No. 5:14CV136, 2015 WL 2354702, at *2 (N.D.W.Va. Apr. 30, 2015).

4. Callen has not disputed the government's arguments on any of the foregoing points and for the reasons explained above his petition for writ of habeas corpus must be **denied.**

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 8/16/2017

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JOHN CALLEN, JR.
45376-039
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov